UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DERRICK LEE SMITH,

                Plaintiff,                      Case No. 1:22-cv-634

v.                                      Honorable Paul L. Maloney

JASON BROCK et al.,

                Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint[1] indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] The Court has denied Plaintiff's motion to supplement his complaint (ECF No. 7). Accordingly, the complaint under review is Plaintiff's initial complaint (ECF No. 1).

**Discussion**

I.       **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains, however, apparently occurred at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan, the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan, the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan, and the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. (Compl., ECF No. 1, PageID.11.)

Plaintiff sued MDOC Director Heidi Washington, LRF Inspector Mr. Plichta, Sergeant Chauvez, MCF Corrections Officer J.B., Customer Privacy Inc., a long list of websites (".COM.s"), Liars Cheaters and Bastards, Inc., Cheaters and Bastards, Inc., the staff and owners of Liars Cheaters and Bastards, the owners of Cheaters and Bastards, all affiliates, contractors, lawyers, and owners of BS Corp, Tucows Inc., and all employees and officials of the ".COM's" and other entities, Google LLC, Google Inc., Microsoft LLC, Joanne Theakston, Juliette Bird, Prosecutor Kim Worthy, Assistant Prosecutors Deyana Unis and Suzette Samuels, Carli "Carpernter (Boike)," and Heather Lynn Nielsen. (*Id.*, PageID.1–4.)

Plaintiff alleges no facts in the complaint. He simply lists constitutional rights violated and causes of action. (*Id.*, PageID.6, 8, 10.) He indicates that a brief with the details will follow, but he never filed such a brief. Instead, he filed, without leave, an entirely new complaint based on events occurring months after he filed the initial complaint. The Court denied Plaintiff leave to proceed under that complaint.

Plaintiff seeks $2,000,000.00 in damages.

## II.      Plaintiff's Pending Motions

Plaintiff has filed several motions: a motion asking the Court to conduct a preliminary screening (ECF No. 9); a motion asking the Court to consider the interests of justice in reviewing Plaintiff's complaint (ECF No. 13); another motion asking the Court to conduct a preliminary screening (ECF No. 15); and a motion asking the Court to direct the MDOC to approve prisoner-to-prisoner correspondence between Plaintiff and a list of eighteen prisoners that he contends are witnesses in pending cases (ECF No. 20).

The Court will grant Plaintiff's motions to conduct a preliminary screening and to consider the interests of justice in that process. (ECF Nos. 9, 13, 15.) Plaintiff's motion to compel the MDOC to approve prisoner-to-prisoner correspondence (ECF No. 20), on the other hand, will be denied as moot because Plaintiff's claims are properly dismissed for failure to state a claim.

## III.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must

3

make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). In this action, Plaintiff fails to allege any facts in his complaint. Plaintiff's allegations therefore fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, his complaint is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v.*

*Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that

Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might

raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly, the Court certifies that an appeal would not be taken in good faith. Moreover,

Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:    February 21, 2023                    /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge